UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

MINERVA MORALES, JEANETTE MORALES, ROBERT
CUEVAS, by his M/N/G MINERVA MORALES, and
K.N., a Minor by her M/N/G MINERVA MORALES,

**COMPLAINT**

                          Plaintiffs,

Index No.:

       -against-

Jury Trial Demanded

CITY OF NEW YORK, and JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious, as the
true names are presently unknown),

                        Defendants.

---------------------------------------------------------------------------------X

      Plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and

K.N., a Minor by her M/N/G MINERVA MORALES, by their attorneys, Leventhal & Klein,

LLP, complaining of the defendants, respectfully allege as follows:

### Preliminary Statement

      1.     Plaintiffs bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of their civil rights, as said

rights are secured by said statutes and the Constitution of the United States. Plaintiffs also assert

supplemental state common law and constitutional claims.

### JURISDICTION

      2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, the Fourth

and Fourteenth Amendments to the United States Constitution. Plaintiffs assert supplemental

state law claims pursuant to common law and the New York State Constitution.

1

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff MINERVA MORALES is a forty-eight year old Hispanic American woman who resides in the Bronx, New York.  Plaintiff MINERVA MORALES is the mother and natural legal guardians of plaintiff ROBERT CUEVAS, and minor plaintiff K.N..

7.      Plaintiff JEANNETTE MORALES is a twenty-two year old Hispanic American woman who resides in the Bronx, New York.

8.      Plaintiff ROBERT CUEVAS is a twenty-seven year old Hispanic American male who lives in the Bronx, New York.  Plaintiff CUEVAS is disabled as he suffers from the debilitating effects of cerebral palsy.

9.      Plaintiff K.N. is a seventeen year old Hispanic American female who resides in the Bronx, New York.

10.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police

department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

12.     That at all times hereinafter mentioned, the individually named defendants, JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

13.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

14.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

15.     On January 22, 2011, at approximately 1:00 p.m., defendant NYPD officers unlawfully entered 2322 Crotona Avenue, apartment 5, Bronx, New York, by breaking the front door of said location and entering said location with their guns drawn.

16.     The defendant officers pointed their guns at plaintiffs MINERVA MORALES, JEANETTE MORALES, and K.N.

17.     The defendant officers grabbed plaintiff MINERVA MORALES by her neck and forcefully threw her to the ground.   Plaintiff MINERVA MORALES thereafter suffered an anxiety attack, urinated on herself, and was trembling and hysterically crying.

3

18.    The defendant officers handcuffed plaintiffs JEANETTE MORALES and K.N. and detained them at said location.

19.    Plaintiff K.N. was hysterically crying when a defendant officer approached her, placed a gun to her head, and stated in sum and substance, shut the fuck up.

20.    The defendant officer unlawfully touched and searched plaintiff ROBERT CUEVAS by pulling his pants down and opening his diaper.

21.    The defendant officers unlawfully searched said location and damaged plaintiff MINERVA MORALES' property in said location, including walls and a sofa.

22.    At approximately 3:30 p.m., the defendant officers exited said location and released plaintiffs without charging plaintiffs with violating any laws or statutes.

23.    The defendant police officers JOHN and JANE DOE 1 through 10 either participated in or were present and otherwise aware of the incident and failed to intervene in the illegal conduct described herein.

24.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, a policy, custom or practice of falsification, the inadequate screening, hiring, retaining, training and supervising its employees, and due to discrimination against plaintiffs due to their race.

25.    The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, unlawfully enter individuals' homes, subject individuals to excessive force, and arrest individuals without probable cause; and further that many NYPD

4

officers, including the defendants, engage in falsification, are insufficiently trained regarding the quantum of probable cause required to enter homes and to detain, search and arrest individuals, and the standard for the proper use of force.

26.    Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

27.    Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

28.    As a result of the foregoing, plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N., sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

29.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "28" with the same force and effect as if fully set forth herein.

30.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

31.    All of the aforementioned acts deprived plaintiffs MINERVA MORALES,

5

JEANETTE MORALES, ROBERT CUEVAS, and K.N., members of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

32.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

33.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

34.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

35.    As a result of the foregoing, plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N., are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Unlawful Entry into the Home 42 U.S.C. § 1983)

36.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

6

37.   Upon information and belief, defendants unlawfully entered plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N.'S home.

38.   As a result, plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N., right to be free from an unlawful entry into their home via the Fourth Amendment was violated.

39.   As a result of the foregoing, plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N., are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

40.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.   Defendants detained plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N., without probable cause, causing them to be unlawfully imprisoned and/or arrested.

42.   Defendants caused plaintiff MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N., to be falsely arrested and/or unlawfully imprisoned.

43.   As a result of the foregoing, plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N., are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and

disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

44.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiffs MINERVA MORALES and K.N.'S constitutional rights.

46.     As a result of the aforementioned conduct of defendants, plaintiffs MINERVA MORALES and K.N. were subjected to excessive force and sustained physical and emotional injuries.

47.     As a result of the foregoing, plaintiffs MINERVA MORALES and K.N. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Unreasonable Search under 42 U.S.C. § 1983)

48.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraph numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     Defendants unreasonably searched plaintiff ROBERT CUEVAS by pulling his pants down and opening his diaper.

50.     Defendants caused ROBERT CUEVAS to be unreasonably searched thereby causing plaintiff to suffer emotional distress, embarrassment and humiliation.

51.     As a result of the foregoing, plaintiff ROBERT CUEVAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

52.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     Defendants had an affirmative duty to intervene on behalf of plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N., whose constitutional rights were being violated in their presence by other officers.

54.     The defendants failed to intervene to prevent the unlawful conduct described herein.

55.     As a result of the foregoing, plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N.'S liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

56.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.     The supervisory defendants personally caused plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N.'S constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and

9

train their subordinate employees.

58.    As a result of the foregoing, plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N., are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

59.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.    The defendants unlawfully imprisoned plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N., subjected plaintiffs MINERVA MORALES and K.N. to excessive force and unreasonably searched plaintiff ROBERT CUEVAS because of their national origin and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

61.    As a result of the foregoing, plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N., were deprived of their rights under the Equal Protection Clause of the United States Constitution.

62.    As a result of the foregoing, plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N., are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

10

## AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

63.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

65.    The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, engaging in falsification, unlawfully entering private homes, subjecting individuals to excessive force, unreasonably searching individuals, arresting individuals without probable cause, as well as the inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N.'S rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

66.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and the constitutional rights of plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N.

67.    The foregoing customs, policies, usages, practices, procedures and rules of the

11

CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N., as alleged herein.

68.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N., as alleged herein.

69.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N.    were unlawfully arrested, plaintiffs MINERVA MORALES and K.N. were subjected to excessive force and plaintiff ROBERT CUEVAS was unreasonably searched.

70.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N.'S constitutional rights.

71.    All of the foregoing acts by defendants deprived plaintiff MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N., of federally protected rights, including, but not limited to, the right:

        A.    Not to be deprived of liberty without due process of law;

        B.    To be free from illegal entry and search of their home;

        C.    To be free from false arrest;

        D.    To be free from excessive force;

12

      E.      To be free from unreasonable searches;

      F.      To be free from the failure to intervene; and

      G.      To receive equal protection under law.

72.    As a result of the foregoing, plaintiff MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N., are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### Supplemental State Law Claims

73.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.    Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

75.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

76.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

77.    Plaintiffs have complied with all conditions precedent to maintaining the instant action.

78.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A TENTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

79.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80.     Defendants arrested plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N., without probable cause.

81.     Plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N. were imprisoned against their will for an extended period of time and plaintiffs JEANETTE MORALES and K.N. were subjected to physical restraints.

82.     As a result of the aforementioned conduct, plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N. were unlawfully imprisoned in violation of the laws of the State of New York.

83.     As a result of the aforementioned conduct, plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N., suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

84.     As a result of the foregoing, plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

14

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

85.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.    As a result of the foregoing, plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N. were placed in apprehension of imminent harmful and offensive bodily contact.

87.    As a result of defendant's conduct, plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N. have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

88.    As a result of the foregoing, plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

89.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90.    Defendants made offensive contact with plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N. without privilege or consent.

91.    As a result of defendants' conduct, plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N. have suffered physical pain and mental

anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

92.    As a result of the foregoing, plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

93.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

95.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

96.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

97.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N.

98.    As a result of the aforementioned conduct, plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N.  suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

99.    As a result of the foregoing, plaintiffs MINERVA MORALES, JEANETTE

MORALES, ROBERT CUEVAS, and K.N. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

100.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "99" with the same force and effect as if fully set forth herein.

101.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the wrongful conduct described herein against plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N.

102.    Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

103.    As a result of the foregoing, plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

104.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105.   Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted, supervised and participated in the wrongful conduct described herein against plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N.

106.   As a result of the foregoing, plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A SIXTEENTH CAUSE OF ACTION**
(Negligence under the laws of the State of New York)

107.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "106" with the same force and effect as if fully set forth herein.

108.   Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

109.   As a result of the foregoing, plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual

defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

110.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111.   Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

112.   As a result of the foregoing, plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

113.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "112" with the same force and effect as if fully set forth herein.

114.   As a result of defendants' conduct, plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N. were deprived of their right to equal protection of laws.

115.    As a result of the foregoing, plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A NINETEENTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12)

116.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "115" with the same force and effect as if fully set forth herein.

117.    As a result of defendants' conduct, plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N. were deprived of their right to security against unreasonable searches, seizures, and interceptions.

118.    As a result of the foregoing, plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N. demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individually named defendants in an amount to be determined by a jury;

(C)    reasonable attorney's fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       April 20, 2012

                    LEVENTHAL & KLEIN, LLP
                    Attorneys for Plaintiffs
                    45 Main Street, Suite 230
                    Brooklyn, New York 11201
                    (718) 722-4100

                    By: _____
                    BRETT H. KLEIN

21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
MINERVA MORALES, JEANETTE MORALES, ROBERT
CUEVAS, by his M/N/G MINERVAL MORALES, and
K.N., a Minor by her M/N/G MINERVA MORALES,

                                        Plaintiffs,

                                                                    Docket No.

            -against-

CITY OF NEW YORK, and JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious, as the
true names are presently unknown),

                                        Defendants.

------------------------------------------------------------------------------X


**COMPLAINT**


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiffs
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100